IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Lee McFadden, #346693, ) | C/A No.   4:12-cv-01470-MGL-KDW | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | REPORT AND RECOMMENDATION | |
| ) | | |
| Jerry Gainey, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |
| ) | | |

Plaintiff Joseph Lee McFadden ("Plaintiff" or "McFadden"), an inmate at Ridgeland Correctional Institution, filed this 42 U.S.C. § 1983 action alleging that Defendant Gainey violated his constitutional rights. This matter is before the court on the Motion for Summary Judgment filed by Plaintiff on July 6, 2012, and the Motion for Summary Judgment filed by Defendant on September 5, 2012.  ECF Nos. 14, 27.  As Plaintiff is proceeding pro se, the court entered a *Roseboro* order[1] on September 6, 2012, advising Plaintiff of the importance of such motions and of the need for him to file an adequate response. ECF No. 29. Defendant responded to Plaintiff's Motion for Summary Judgment on September 5, 2012, ECF No. 28, and Plaintiff responded to Defendant's Motion for Summary Judgment on September 14, 2012, ECF No. 31. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. Because these motions are dispositive, a Report and Recommendation is entered for the court's review.

---

[1] The court entered a "*Roseboro* order" in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

I.    Factual and Procedural Background

Plaintiff filed his Complaint on June 4, 2012 alleging that Defendant Gainey violated his Fourth Amendment rights. ECF No. 1 at 3. Specifically, Plaintiff contends that on April 28, 2010 he was arrested and charged with grand larceny under warrant number I-332596. ECF No. 1 at 4. The affidavit supporting warrant number I-332596 states verbatim that:

> Affiant [Gainey] has evidence and witness to prove the same: That on March 25, 2012, the Defendant [McFadden] did went to 332 Wilmont Street in Lake City South Carolina and commit the crime. The Defendant [McFadden] did take and carry away a Hewitt Packard Lab Top that value at $1,500 Dollars. A witness gave a statement that she saw the Defendant [McFadden]went into the resident and came out with the Lab Top.

ECF No. 1-1. Plaintiff contends that he was found not guilty of the grand larceny charge and argues that Defendant lacked probable cause to arrest him and "deliberately made material false and misleading statements while under oath" to make persons believe a crime had been committed. ECF No. 1 at 4. Plaintiff contends that Defendant committed perjury when creating his statement in support of the warrant and that Defendant is liable for false imprisonment. *Id.* Plaintiff seeks compensatory damages not to exceed $950,000 and punitive damages not to exceed $250,000. *Id.* at 6.

II.   Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in

2

the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

III.   Analysis

    A.   Defendant's Motion for Summary Judgment

        1.   False Arrest

Plaintiff admits that he was arrested pursuant to a warrant; however he contends that his seizure was illegal because the affidavit that was given to support the issuance of the warrant contained "material false or misleading statements." ECF No. 1 at 4. Defendant argues that he is entitled to summary judgment on this claim because probable cause existed

to arrest Plaintiff. ECF No. 27-1. Defendant further argues that a neutral magistrate judge found probable cause to issue the arrest warrant, and therefore he is relieved of any liability. *Id.*

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996); *see also Malley v. Briggs*, 475 U.S. 335 (1986). "A plaintiff's allegations that police seized him 'pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a ... claim alleging a seizure that was violative of the Fourth Amendment.'" *Miller v. Prince George's County, MD*, 475 F.3d 621, 627 (4th Cir. 2007).

To succeed on his false arrest claim, Plaintiff must prove that Defendant Gainey deliberately or with a "reckless disregard for the truth" made material false statements in his affidavit or omitted from that affidavit "material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading." *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990) (internal citations omitted). "'Reckless disregard' can be established by evidence that an officer acted 'with a high degree of awareness of [a statement's] probable falsity,' that is, 'when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Miller*, 475 F.3d at 627. "With respect to omissions, 'reckless disregard' can be established by evidence that a police officer 'failed to inform the judicial officer of facts [he] knew would negate probable cause.'" *Id.* To violate the Constitution, the false statements or omissions must be "material," that is, "necessary to

4

the [neutral and disinterested magistrate's] finding of probable cause." *Franks v. Delaware,* 438 U.S. 154, 155-56 (1978). "To determine materiality, a court must 'excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause.'" *Miller*, 475 F.3d at 628. "If the 'corrected' warrant affidavit establishes probable cause, no civil liability lies against the officer." *Id.*

Plaintiff argues that Defendant Gainey falsely included a statement in the warrant affidavit that a witness saw Plaintiff go into the residence in question and leave with a laptop. ECF No. 1 at 4-5. The challenged witness statement, quoted verbatim, stated that:

> I saw Joseph Lee come from his aunt's house with something under his shirt and went in between the white house and yellow house with the screened in porch and come back out without whatever it was under his shirt and he came down Wilmont St. the road and went out towards Beauregard St. Then he came back up on Cash Avenue.

ECF No. 27-2 at 8. Plaintiff contends that Defendant Gainey's false statement that the witness saw Plaintiff enter the house and leave with a laptop caused the magistrate judge to believe that a crime had been committed. *Id.* at 4.

The undersigned has reviewed the challenged warrant and the incident report[2] related to the larceny charge and finds that the alleged false statements or omissions challenged by Plaintiff were not material. When the challenged statement is replaced by the witness's true statement, the undersigned finds that there was still probable cause to arrest Plaintiff. The challenged witness statement declared that the witness saw Plaintiff leave the residence with something under his shirt, and this statement combined with the homeowner's statement[3] that a laptop was missing from the home, was sufficient to support a probable cause finding.

---

[2] *See* ECF No. 27-2 at 4.

[3] *See* ECF No. 27-2 at 4.

Accordingly, Defendant Gainey had probable cause to arrest Plaintiff and the undersigned recommends that Defendant be granted summary judgment on this claim.

    2.    False Imprisonment

The essence of the tort of false imprisonment consists of depriving a person of his liberty without lawful justification. *Jones v. City of Columbia*, 389 S.E.2d 662 (1990). To prevail on a claim for false imprisonment, plaintiff must establish: (1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful. *Gist v. Berkeley County Sheriff's Dep't*, 521 S.E.2d 163 (S.C. Ct. App. 1999). The fundamental issue in determining the lawfulness of an arrest is whether there was probable cause to make the arrest. *Gist*, 521 S.E.2d at 165. Although the question of whether probable cause exists is ordinarily a jury question, it may be decided as a matter of law when the evidence yields but one conclusion. *Law v. South Carolina Dept. of Corrections*, 629 S.E.2d 642, 651 (S.C. 2006).   Because the undersigned has found that probable cause existed to arrest Plaintiff for the grand larceny charge, Plaintiff's restraint was lawful.  Accordingly, it is recommended that Defendant be granted summary judgment on this claim.

    3.    Qualified Immunity

Defendant Gainey moves for summary judgment arguing that even if he violated Plaintiff's statutory or constitutional rights, he is entitled to qualified immunity from suit. ECF No. 27-1 at 8-10.   The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), established the standard that the court is to follow in determining whether a defendant is protected by this immunity. That decision held that government officials performing discretionary functions generally are shielded from liability for civil damages

insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

When evaluating a qualified immunity defense, the court must determine (1) whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 230-33 (2009). The two prongs of the qualified immunity analysis may be addressed in whatever order is appropriate given the circumstances of the particular case. *Id.* at 236. In determining whether the right violated was clearly established, the court defines the right "in light of the specific context of the case, not as a broad general proposition." *Parrish v. Cleveland*, 372 F.3d 294, 301-03 (4th Cir. 2004). "If the right was not clearly established in the specific context of the case – that is, if it was not clear to a reasonable officer that the conduct in which he allegedly engaged was unlawful in the situation he confronted – then the law affords immunity from suit." *Id.* (citations and internal quotation omitted).

Here, the record shows that Defendant did not transgress any statutory or constitutional rights of Plaintiff in the discretionary exercise of his professional judgment. Thus, to the extent the district judge finds that a constitutional violation occurred, the undersigned recommends that Defendant be granted qualified immunity.

B.     Plaintiff's Motion for Summary Judgment

Plaintiff moves for summary judgment arguing that Defendant Gainey made materially false or misleading statements while under oath that caused Plaintiff to be falsely arrested and imprisoned for grand larceny. ECF No. 14-1 at 2. Plaintiff contends that a witness never stated that she saw Plaintiff go into the victim's residence, although Gainey

7

stated to the contrary in his affidavit in support of the warrant. *Id.* at 1. Plaintiff contends that he was found not guilty and therefore the Fourth Amendment was violated. *Id.* In opposing Plaintiff's motion, Defendant relies on the arguments contained in his Motion for Summary Judgment. ECF No. 28. Based on the analysis set forth above, the undersigned finds that there was probable cause to arrest Plaintiff for grand larceny and therefore recommends that Plaintiff's Motion for Summary Judgment be denied.

III.    Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendant's Motion for Summary Judgment, ECF No. 27, be GRANTED, and that Plaintiff's Motion for Summary Judgment, ECF No. 14, be DENIED.

IT IS SO RECOMMENDED.

*[Signature: Kaymani D. West]*

January 15, 2013                                                           Kaymani D. West
Florence, South Carolina                                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**