IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Lee McFadden, #436693, ) | |
| ) | Civil Action No. 4:12-1470-MGL |
| Plaintiff, ) | |
| ) | O R D E R |
| vs. ) | |
| Jerry Gainey, ) | |
| Defendant. ) | |

This matter is before the court upon Plaintiff Joseph Lee McFadden's (Plaintiff) *pro se* complaint filed pursuant to 42 U.S.C. § 1983.  (ECF No.1.)

BACKGROUND

Plaintiff is an inmate in the South Carolina Department of Corrections and is housed at Ridgeland Correctional Institution in Ridgeland, South Carolina.  In his complaint, Plaintiff alleges that his Fourth Amendment rights were violated based on false statements in an arrest warrant affidavit.  More specifically, Plaintiff alleges that he was arrested and detained on April 28, 2010, based on a warrant sworn out by Defendant Jerry Gainey ("Gainey"), who was a Sargent Detective with the Lake City Police Department, on the charge of grand larceny.  Plaintiff alleges that Gainey made false and misleading statements while under oath to secure the warrant and that Plaintiff was found not guilty of Grand Larceny.  Plaintiff asserts that the material misrepresentations were Gainey's falsely included statement in the warrant affidavit that a witness saw Plaintiff go into a residence and leave with a laptop.  (ECF No.1.)  Defendant filed a motion for summary judgment on September 5, 2012, on the grounds that Defendant's actions do not rise to the

1

level of a constitutional violation. (ECF No. 27.) Plaintiff filed a motion for summary judgment on July 6, 2012. (ECF No. 14.)

Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(d) and (e), D.S.C., this matter was referred to a United States Magistrate Judge for pretrial handling. On January 15, 2013, the Magistrate Judge filed her Report and Recommendation recommending that the Court grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment (ECF No. 44) at which time she advised Plaintiff of his right to file specific objections to the to the Report and Recommendation. (ECF No.44-1.) Plaintiff filed timely objections on January 28, 2013. (ECF NO. 47.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report and Recommendation to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part; the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d

202 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir.1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

The Magistrate Judge's Report and Recommendation outlines the issues and sets forth in detail the applicable law in this matter and the court incorporates such without a recitation. The Magistrate Judge recommends that the Court grant Defendant Gainey's motion for summary judgment. Specifically, the Magistrate Judge determined : (1) that Plaintiff has failed to state a claim under § 1983 for false arrest and for false imprisonment because Defendant had probable cause to arrest Plaintiff; and (2) that Defendant is entitled to summary judgment because he is entitled to qualified immunity from suit. After conducting a *de novo* review of Plaintiff's objections and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the Court concludes that Defendant's motion for summary judgment should be granted.

Plaintiff filed objections to the Report and Recommendation on January 28, 2013. (ECF No. 47.) In his objections, Plaintiff again rehashes his claims that he was falsely arrested and falsely imprisoned in violation of his constitutional rights. Importantly, however, the Plaintiff does not raise any specific objections to the Report and Recommendation, and he does not point to any legal or factual error in the Magistrate Judge's analysis. After reviewing the Plaintiff's objections and considering the record, the

applicable law, and the Report and Recommendation, the Court agrees with the conclusions of the Magistrate Judge.

Accordingly, the Court adopts and incorporates by reference the Report and Recommendation into this order. Based on the foregoing, it is hereby ORDERED that Defendant's motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

February 4, 2013
Florence, South Carolina

4