IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Lee McFadden, #436693, ) | |
| ) | Civil Action No. 4:12-1470-MGL |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| vs. ) | |
| Jerry Gainey, ) | |
| Defendant. ) | |

This matter is before the court upon Plaintiff Joseph Lee McFadden's (Plaintiff) *pro se* motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. After careful consideration of the motion and the record in this case, the court denies the motion.

## BACKGROUND

Plaintiff is an inmate in the South Carolina Department of Corrections and is housed at Ridgeland Correctional Institution in Ridgeland, South Carolina. On June 4, 2012, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights had been violated. (ECF No. 1). Defendant filed a motion for summary judgment and this Court granted Defendant's motion on February 4, 2013. (ECF No.49.) Plaintiff appealed this Court's order on February 11, 2013. (ECF No. 53). The Fourth Court of Appeals affirmed this Court's decision on April 30, 2013. (ECF No. 59). Plaintiff filed a petition for re-hearing which the Fourth Circuit Court of Appeals denied on June 17, 2013. (ECF No. 63). Prior to the Fourth Circuit Court of Appeals decision on Plaintiff's petition for re-hearing, he filed the instant motion for relief from judgment pursuant to Rule 60 of the

1

Federal Rules of Civil Procedure.

## DISCUSSION OF THE LAW

Rule 60(b) of the Federal Rules of Civil Procedure allows the court to relieve a party from a final judgment for the following reasons:

> . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In his motion, Plaintiff contends the judgment should be vacated due to fraud. Plaintiff also expresses disagreement with the court's prior determination that Defendant is entitled to qualified immunity. Upon review of Plaintiff's motion to reconsider, it appears he simply disagrees with the court's analysis and rehashes previously-made and rejected arguments. As such, the court finds that Defendant's motion (ECF No. 61) must be DENIED.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

July 22, 2013
Florence, South Carolina